E-FILED
Wednesday, 25 March, 2026  02:29:32 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

GARY L. MAYFIELD,
    Plaintiff,

v.

ABBY HAUGHEE, *et al.*,
    Defendants.

Case No. 4:26-cv-04067-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Complaint states a federal claim.

**I**

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645,

1

649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

In March 2025, Plaintiff alleges he was on a video call with Defendants Deputy Chief Beckett, Dr. Abdi Tinwalla, and CR Agent Abby Haughee. Defendant Haughee was with Plaintiff in person at his home during the video call. Plaintiff told Defendant Haughee that he was going to call his attorney. Defendant Haughee told Plaintiff not to call his attorney and snatched the phone out of his hand. Plaintiff asked Defendants Beckett and Dr. Tinwalla for help, but "[t]hey refused to act by chastising her or even calling the cops upon witnessing the assault." (Doc. 1 at p. 5). Plaintiff alleges Defendant Dr. Tinwalla, as a medical professional, knew the mental health implications and failed to act. Plaintiff alleges Defendant Beckett refused to do his job and help keep Plaintiff safe.

## III

Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants on notice of the claims against them. Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules . . . is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not

necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff's Complaint is dismissed as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

## IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Plaintiff's Motion is DENIED with leave to renew. If Plaintiff renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

## V

Plaintiff filed a Motion for Temporary Restraining Order requesting "an immediate temporary restraining order against all defendants mainly Dr. Tinwalla." (Doc. 8 at p. 1). Plaintiff states "[i]f [Dr. Tinwalla] couldn't protect me then or wouldn't protect me then, what's to say he won't repeat the behavior and allow me to be assaulted again." *Id*. Plaintiff states he does not feel safe around Dr. Tinwalla. On March 24, 2026, Plaintiff was called to the Healthcare Unit and informed that he would not be placed on conditional release if he did not talk to Dr. Tinwalla. Plaintiff asserts he is being retaliated against because he filed a lawsuit.

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo pending a final hearing on the merits of the case. *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Allen-Bey v. Indiana State Prison*, No. 309-CV-457RM, 2009 WL 3245201, at *1 (N.D. Ind. Oct. 1, 2009). Based on the dismissal of his Complaint, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Request Counsel [4] and Motion for Temporary Restraining Order [8] are DENIED.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: March 25, 2026

s/Jonathan E. Hawley
U.S. District Judge

5