E-FILED
Tuesday, 31 March, 2026  12:12:08 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| GARY L. MAYFIELD,<br>    Plaintiff,<br><br>v.<br><br>ABBY HAUGHEE, *et al.*,<br>    Defendants. | Case No. 4:26-cv-04067-JEH |

### Merit Review Order

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, filed suit under 42 U.S.C. § 1983 for alleged constitutional violations. This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 15).

**I**

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 13). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Amended Complaint states a federal claim.

1

## II

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III

Plaintiff files suit against Abby Haughee, a CR Agent employed by Liberty Health Care in Springfield, Illinois. Plaintiff alleges Defendant "acted aggressively toward [him]" in January 2025 when she brought another sexually violent person ("SVP") to his house. (Doc. 15 at p. 6). In March 2025, Defendant "slapped the phone out of [Plaintiff's] hand" when he attempted to call his attorney during a Zoom meeting. *Id.* Defendant allegedly told Plaintiff to "shut the f. up" several times and instructed him to "do what the f. I tell you to." *Id.*

Once again, Plaintiff's allegations are vague, confusing, and devoid of sufficient context and detail to place Defendant on notice of the claims alleged against her. As the Court previously stated, Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules . . . is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to

plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff's allegations regarding the events in January and March 2025 are too threadbare and vague to state a constitutional claim. Defendant Haughee's alleged use of profanity did not violate Plaintiff's constitutional rights. "[A]lthough indefensible and unprofessional, isolated verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case." *Smith v. Myers*, No. 118CV02255TWPDLP, 2018 WL 3631285, at *1 (S.D. Ind. July 30, 2018) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 n. 3 (7th Cir. 2000)).

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Rule 8 and for failure to state a claim under Rule 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile, as Plaintiff has had multiple opportunities to allege a cognizable claim based on these facts and has failed to do so.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Fed. R. Civ. P. 8 and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

2) **Based on the dismissal of this case, Plaintiff's Motion to Request Counsel [12] and Motion for Leave to Proceed *in forma pauperis* [13] are DENIED.**

3

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).**

4) **A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: March 31, 2026

s/Jonathan E. Hawley
U.S. District Judge